IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION

GAIL JONES,

        Plaintiff,

-vs-                                           Case No.
                                                 HON.

**INTEGRITY FINANCIAL PARTNERS, INC.**

        Defendants.

_____/

LAW OFFICES OF BRIAN P. PARKER, P.C.
BRIAN P. PARKER (0980668)
Attorney for Plaintiff
30600 Telegraph Rd., Suite 1350
Bingham Farms, MI 48025
(248) 642-6268
(248) 642-8875 (FAX)
brianparker@collectionstopper.com
WWW.COLLECTIONSTOPPER.COM
_____/

## COMPLAINT AND DEMAND FOR JURY

Plaintiff **GAIL JONES**, (Plaintiff), by and through counsel, brings this action against the above listed Defendant **INTEGRITY FINANCIAL PARTNERS, INC,**, (Defendant) on the grounds and in the amounts set forth herein:

### I. PRELIMINARY STATEMENT

Plaintiff brings this action for damages based upon the Defendants' violations of the Fair Credit Reporting Act (herein after referred to as FCRA, 15 U.S.C. 1681 *et. seq* and the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692 *et seq*. Plaintiff seeks statutory damages, actual damages, costs and attorney's fees.

### II. PARTIES

1.

The plaintiff is a natural person and consumer and a resident of Wayne County, State of Michigan as defined by 15 U.S.C. 1692a.

2.

The Defendant, **INTEGRITY FINANCIAL PARTNERS, INC.** a foreign corporation, is a debt collector under 15 U.S.C. 1692a(6) and is located within the State of Kansas with the collections taking place in Plaintiff's home location in Wayne County, Michigan and placing a debt collection calls to Plaintiff's home.

### III. JURISDICTION AND VENUE

3.

This court has subject matter jurisdiction over this Complaint pursuant to the FDCPA 15 U.S.C. 1692 *et seq.*, 28 U.S.C. 1331 and 28 U.S.C. 1367.

### IV. STATUTORY STRUCTURE

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

4.

The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuse. 15 U.S.C. 1692.

5.

Under the FDCPA, a consumer is any natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. 1692a(3).

6.

Under the FDCPA, debt means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. 1692a(5).

7.

Under the FDCPA, debt collector is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose for which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. 1692a(6).

8.

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. 1692e.

9.

A debt collector may not violate the FDCPA, 15 U.S.C. 1692f by using unfair or unconscionable means to collect or attempt to collect any debt. Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damages sustained, statutory damages up to $1,000.00, attorneys 'fees as determined by the Court and costs of this action. 15 U.S.C. 1692k.

## V. FACTUAL ALLEGATIONS

10.

Defendant is continuing to collect a debt by calling Plaintiff numerous times even after Plaintiff has sent Defendant a "cease and desist" letter under the FDCPA. **Please see attached Exhibit No. 1.**

11.

Defendant received Plaintiff's "cease and desist" letter on March 1, 2011. **Please see Exhibit 2.** Plaintiff's letter to Defendant stated:

"You are seeking money from me for a debt amount I dispute.

Please cease and desist from contacting me again. "

Please cease and desist from collecting on this debt. Do not threaten my credit."**Please see Exhibit 3**.

12.

Under the FDCPA, "If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt," 15 U.S.C. 1692c©.

13.

As of March 17, 2011 and since March 1, 2011 when the cease and desist letter was received by Defendant, Plaintiff has received approximately 40 calls from Defendant. **Please see Exhibit 4**.

14.

Further, even though Defendant is located in Kansas and has written to Plaintiff from their Kansas location, the number on the Plaintiff's caller ID when Defendant calls is a Michigan number: (734) 217-4472. **Please see Exhibit 1 and Exhibit 4**.

15.

Plaintiff is a victim of Cancer and recovering at home. Plaintiff must have her phone turned on because of her illness. The "cease and desist" letter was sent to avoid

calls from Defendant and allow her to rest and recover from her illness. There are days that Defendant calls four times a day while Plaintiff recuperates. **Please see Exhibit 4**.

16.

Plaintiff has emotional and consequential damages as a result of the Defendant continued harassing calls and the calls are hurting Plaintiff's health. **Please see Exhibit 5**

17.

As a result of Defendants' wrongful conduct, Plaintiff has suffered statutory, actual, emotional and financial damages and also seeks his attorney fees and costs under the FDCPA.

## COUNT I
## CLAIM AGAINST DEFENDANT INTEGRITY UNDER THE FDCPA

18.

The defendants have violated the FDCPA, 15 U.S.C. 1692e (10) by the use of false representations and deceptive means in pursuing Plaintiff for a debt in which Plaintiff does not owe by using the false phone number.

19.

Defendant has violated 15 U.S.C. 1692c(C) by communicating with Plaintiff approximately 40 times after she sent Defendant a cease and desist letter.

20.

Defendant has violated 15 U.S.C. 1692d(2)(A) by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

21.

Defendant has violated 15 U.S.C. 1692d by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number of Plaintiff after she sent a cease and desist letter.

22.

Defendant has violated 15 U.S.C. 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

23.

As a result of Defendants' wrongful conduct, Plaintiff has suffered statutory, actual, emotional and financial damages and also seeks his attorney fees and costs under the FDCPA.

24.

Plaintiff seeks judgment against the Defendant in whatever amount that Plaintiff is entitled to under the FDCPA.

## CLAIM AGAINST DEFENDANT UNDER THE MCPA AND THE MICHIGAN OCCUPATIONAL CODE

25.

Defendant has violated MCLA 445.252 (a) with the use of false representations and deceptive means in its contact of Plaintiff.

26.

Defendant has violated MCLA 445.252(n) by using a harassing, oppressive or abusive method to collect on a debt.

27.

Defendant has violated MCLA 445.252(q) by failing to implement a procedure designed to prevent a violation by an employee.

28.

Defendant's foregoing acts in attempting to collect this alleged debt against the Plaintiff constitute violations of the Occupational Code, M.C.L. § 339.915 including but not limited to the following:

    a.    (n) Using a harassing, oppressive or abusive method to collect a debt.

    b.    (q) By failing to implement a procedure designed to prevent a violation by an employee.

    c.    (a) By communicating with a debtor in a misleading or deceptive manner.

29.

As a result of Defendant's wrongful conduct, Plaintiff has suffered statutory, actual, emotional and financial damages and also seeks her attorney fees and costs under the MCPA and the Michigan Occupational Code.

30.

Under MCLA 445.257 et seq., Plaintiff is eligible for equitable relief, triple damages and his attorney fees and costs and further statutory damages under the act.

31.

As a result of the actions of Defendant, Plaintiff hired the undersigned counsel. Counsel has been an attorney in good standing for almost 17 years and has handled thousands of consumer cases, personally. Counsel is known in his field of a consumer advocate and a competent, experienced consumer trial attorney. As a result, counsel's time is billed at the reasonable rate of $350.00 an hour.

32.

Plaintiff seeks judgment against the Defendant in whatever amount that Plaintiff is entitled, consequential damages and the costs and expenses of this action.

## VII. PRAYER FOR RELIEF AND JURY TRIAL DEMAND

WHEREFORE, Plaintiff prays that the Court grants the following relief against the Defendant:

1. For compensatory damages and actual damages under the FDCPA, MOC and, MCPA ;
2. For statutory damages under the FDCPA, MOC and MCPA;
3. For attorney's fees and costs incurred in this action under the FDCPA, MOC, and MCPA;
4. Actual damages under the FDCPA, MOC and MCPA:
5. For such other and further relief as the Court may deem just and proper.

Plaintiff demands a Trial by Jury on all issues this 17th day of March, 2011

Respectfully submitted,
s/Brian P. Parker

BRIAN P. PARKER (P48617)
Attorney for Plaintiff